# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH RIOTTO<br><br>Plaintiff<br>v.<br><br>SN SERVICING CORPORATION;<br>HLADIK, ONORATO &<br>FEDERMAN, LLP<br><br>Defendant | Civil Action No.<br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Joseph Riotto of full age, brings this lawsuit by and through the undersigned attorneys against SN Servicing Corporation and Hladik, Onorato & Federman, LLP. The claims against Hladik, Onorato & Federman, LLP are brought individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1.      Jurisdiction is appropriately laid in the United States District Court, District of New Jersey under 28 USC §1331 as this claim is based upon a federal statute and federal question jurisdiction.

2.    Venue is appropriately laid in the District Court of New Jersey under 28 U.S.C. §1391(b)(2) as the events causing the claim occurred substantially within the State of New Jersey.

## PARTIES

3.    Plaintiff Joseph Riotto owns and resides in real property located at 128 Big Piece Road in Fairfield New Jersey.

4.    Defendant SN Servicing Corporation is a Louisiana corporation with an address for service of process in New Jersey at Prentice Hall Corp. System, Princeton South Corporate Center Suite 160, 100 Charles Ewing Blvd, Ewing, New Jersey.

5.    Hladik, Onorato & Federman, LLP ("HOF Law") is a law firm that maintains an office at 1451 Chews Landing Road Suite 206, Laurel Springs, New Jersey 08021.

## FACTUAL ALLEGATIONS

6.    Mr. Riotto owns and resides in the property located at 128 Big Piece Road, Fairfield, New Jersey.

7.    In 2006, Mr. Riotto obtained a loan secured by a second position mortgage on the property.

8.    The loan is a debt as defined by 15 U.S.C. §1692a of the Fair Debt Collection Practices Act.

9.      Due to unforeseen financial circumstances, Mr. Riotto defaulted on the loan prior to the year 2014.

10.     For several years following the default, Mr. Riotto did not receive periodic monthly mortgage statements on the loan and did not receive other correspondence relating to the loan.

11.     By letter dated February 1, 2019, Mr. Riotto received correspondence from SN Servicing Corporation advising that servicing of the mortgage loan was transferred from Land Home Financial Services Inc. to SN Servicing Corporation effective January 28, 2019.  The letter provides instruction for making payments and states it was sent as an attempt to collect a debt.

12.     The February 1, 2019 letter was the first communication Mr. Riotto received from SN Servicing Corporation.

13.     The second communication Mr. Riotto received from SN Servicing Corporation was a letter dated February 6, 2019.  The letter states "Your mortgage payment that was due on 4/1/2013 is now late. A total of $1,135.75 is now due." The letter provides instructions for making payment and states that the letter was sent as an attempt to collect a debt.

14.     The February 1 and February 6 letters did not disclose Mr. Riotto's right to dispute the debt pursuant to 15 U.S.C. §1692g.

15.     Finally, correspondence dated February 25, 2019 from SN Servicing

Corporation, made new allegations of the amount due and disclosed Mr. Riotto's

right to dispute the debt for the first time.  The letter states:

> Dear Customer:
>
> This notice is being sent to you in accordance with the Fair
> Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.
>
> As of the date of this letter, our records indicate the total
> amount of your debt is $177,022.79. Because of interest,
> late charges, and other charges that may vary from day to
> day, the amount due on the day you pay may be greater.
> Hence if you pay the amount shown above, an adjustment
> may be necessary after we receive your check, in which
> event we will inform you before depositing the check for
> collection. For further information, write the undersigned
> or call (800) 603-0836.
>
> Reliant Loan Servicing LLC is the creditor to whom the
> debt is owed. However, SN Servicing Corporation, a debt
> collector, is responsible for servicing and collecting the
> debt.
>
> Unless you dispute the validity of the debt or any portion
> of the debt within thirty (30) days after your receipt of this
> letter, we will assume that the debt is valid.
>
> If you notify us in writing within thirty (30) days after your
> receipt of this letter that you dispute the debt or any portion
> of the debt, we will obtain verification of the debt or a copy
> of any judgment against you and we will mail you a copy
> of such verification or judgment.
>
> We will provide you with the name and address of the
> original creditor on the debt, if different from the current
> creditor, if you request this information in writing within
> thirty (30) days after your receipt of this letter.

16.    On that same day, February 25, 2019 Mr. Riotto sent a letter to SN Servicing

Corporation.  The letter states:

> I am in receipt of your letter dated February 6, 2019 alleging "Your mortgage payment that was due on 4/1/2013 is now late. A total of $1135.75 is now due." A copy of the letter is enclosed for your reference.  The first correspondence I ever received from your company is dated February 1, 2019 and advises that servicing of the loan has been transferred.  These letters do not disclose my right to dispute the debt and request verification of the debt pursuant to 15 U.S.C. §1692g.

> Pursuant to 15 U.S.C. §1692g I dispute that a debt is owed to your company and further dispute the accuracy of the information in the February 1 and February 6 communications.  Pursuant to 15 U.S.C. §1692g please provide verification of the debt.

17.    By correspondence dated February 28, 2019 SN Servicing Corporation acknowledged receipt of Mr. Riotto's February 25 letter.  The February 28 correspondence was signed by SN Servicing Corporation employee William A. Fogelman.  The letter states that the requests made by Mr. Riotto will be "researched for our response."

18.    It was not until correspondence dated April 29, 2019 that SN Servicing Corporation provided a substantive response to Mr. Riotto's dispute and request for verification of the debt.

19.    Between February 28, 2019 and April 29, 2019, when Mr. Riotto's 15 U.S.C. §1692g request for verification was pending response, SN Servicing Corporation

continued engaging in debt collection efforts.

20.    The next correspondence sent by SN Servicing Corporation is a loan statement and demand for payment dated March 6, 2019.  The letter alleges:

> Total: $87,001.71 due. You must pay this amount to bring
> your loan current.

21.    The March 6, 2019 further states that the total outstanding principal owed on the debt is $102,467.71.

22.    On March 29, 2019 SN Servicing Corporation called Mr. Riotto.  During the call, the employee/representative of SN Servicing Corporation disclosed that the call was made in an attempt to collect a debt.  The caller then asked Mr. Riotto what his "intentions" were with the property and asked if he could make a payment.

23.    The SN Servicing Corporation letters dated February 6, February 25, and March 6 disclose drastically different sums of money allegedly owed by Mr. Riotto.

24.    HOF Law was retained by Reliant Loan Servicing, LLC and/or SN Servicing Corporation to collect the mortgage debt from Mr. Riotto.

25.    On June 7, 2019, HOF Law communicated with Mr. Riotto for the first time by sending a letter titled "NOTICE OF INTENTION TO FORECLOSE." The letter states in part:

> The Mortgage Loan you executed on, which is secured by a mortgage you executed on the above-referenced property, in the principal amount of **$106,500** is in default, because the current holder of the mortgage, Reliant Loan Servicing LLC, has not received the installments due for the months of **April 1, 2013 thru June 7, 2019**.

## RIGHT TO CURE DEFAULT

You may cure your default by paying or tendering **$90,579.33** to us, on or before **July 7, 2019**. This amount includes any other scheduled installment and late charges, which will become due to us during this period, even though such installment may not presently be due. Your payment must be mailed to **Reliant Loan Servicing LLC, 920 Cassat Road, Suite 210, Berwyn, PA 19312** *made payable to* "**Reliant Loan Servicing LLC**"

## FAILURE TO CURE

If you do not cure the default by **July 7, 2019**, we may initiate foreclosure proceedings against you and take steps to terminate your ownership in the property by commencing a foreclosure suit in a court of competent jurisdiction.

…………………

## IF YOU DISAGREE WITH US

If you disagree with our assertion that (1) a default has occurred or (2) the correctness of our calculation of the amount required to cure the default, you may contact **Bradley J. Osborne, Esquire, Hladik, Onorato & Federman, LLP, 1451 Chews Landing Road, Suite 206 Laurel Springs, NJ 08021 (215) 855-9521**.

### Reliant Loan Servicing LLC

AS OF **June 7, 2019**, THE AMOUNT OF THE DEBT IS **$181,554.22**. THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED IS **RELIANT LOAN SERVICING LLC**. UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY (3) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

[**Exhibit A**- June 7, 2019 correspondence]

26.    The June 7 letter is a debt collection communication as defined by the Fair

Debt Collection Practices Act and states:

> THIS COMMUNICATION IS AN ATTEMPT TO COLELCT A
> DEBT AND ANY INFORMATION OBTAINED WILL BE USED
> FOR THAT PURPOSE.

27.    The HOF Law letter alleges that Mr. Riotto defaulted on the loan by not

making payments since April 1, 2013.

28.    The HOF Law letter alleges that foreclosure proceedings may be started if Mr.

Riotto does not pay to cure the default by July 7, 2019.


## CLASS ALLEGATIONS

29.    Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure

(hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer

class.

30.    The Class consists of: a) All consumers b) who were sent an initial collection

letter titled "NOTICE OF INTENTION TO FORECLOSE" from the Defendant

HOF Law c) in New Jersey d) in which the disclosure of the consumer's right to

dispute the debt and/or seek verification of the debt within thirty days of receiving

the letter was overshadowed by other information e) and for which letter was sent

on or after a date one year prior to the filing of this action and on or before a date 21

days after the filing of this action.

31.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

32.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

33.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as *Exhibit A*, violate 15 U.S.C. § 1692g.

34.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

35.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

36.    This action has been brought, and may properly be maintained, as a class

action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as ***Exhibit A***, violate 15 U.S.C. § 1692g.

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to

vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

37.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## (Individually)

39.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth

at length herein.

40.   The mortgage loan described in this pleading was obtained by Mr. Riotto for personal, family, or household purposes and the loan is a debt as defined by 15 U.S.C. §1692a.

41.   SN Servicing Corporation is a debt collector as defined by 15 U.S.C. §1692a(6) as the principal purpose of the business is the collection of debts, and/or it regularly collects or attempts to collect debts owed or due to another.

42.   SN Servicing Corporation maintains debt collection licenses in Arizona, Connecticut, Idaho, Indiana, Maryland, Massachusetts, North Dakota, Oregon, and Rhode Island.

43.   SN Servicing Corporation engaged in conduct violating 15 U.S.C. §1692e of the Fair Debt Collection Practices Act by making false, deceptive, and/or misleading representations or means in connection with the collection of a debt. The following conduct is a non-exhaustive list of SN Servicing Corporation's conduct in violation of §1692e.

     a.  SN Servicing Corporation made false, deceptive and/or misleading representations of the amount owed on the debt.  The February 6, 2019 letter alleges "A total of $1,135.75 is now due."  The February 25, 2019 letter states "As of the date of this letter, our records indicate the total amount of your debt is $177,022.79."  The March 6

correspondence states "Total Amount Due $87,001.71."  The three letters are inconsistent, false, deceptive and/or misleading as to the amount owed by Mr. Riotto.  One or more of the letters inaccurately state the amount due.

44.    SN Servicing Corporation engaged in conduct violating 15 U.S.C. §1692g of the Fair Debt Collection Practices Act.  The following conduct is a non-exhaustive list of SN Servicing Corporation's failure to comply with §1692g.

a. Within five days of its initial debt collection communication, SN Servicing Corporation failed to provide Mr. Riotto with a notice disclosing the information set forth in 15 U.S.C. §1692g(a).

b. Between the time that SN Servicing acknowledged receiving Mr. Riotto's verification and dispute of debt letter on February 28, 2019, and the April 29, 2019 verification response, SN Servicing Corporation continued to send written debt collection correspondence and called Mr. Riotto in an attempt to collect a debt.  These continued collection efforts were made in violation of 15 U.S.C. §1692g(b) which states "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, is mailed to the consumer by the debt

collector.

    c. The March 6, 2019 letter sent by SN Servicing Corporation overshadowed and was inconsistent with the February 25, 2019 letter disclosing Mr. Riotto's right to dispute and seek verification of the debt. The two letters disclose different amounts allegedly owed on the loan. The March 6 letter threatens that failure to make a payment and "bring your loan current may result in fees and foreclosure – the loss of your home."

**45.** The conduct of SN Servicing Corporation caused Mr. Riotto to suffer damages including but not limited to stress, anxiety and improper billing.

**46.** Mr. Riotto is entitled to all relief available under 15 U.S.C. §1692k including but not limited to statutory damages, actual damages, attorney fees and costs of suit.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Individually and on behalf of all others similarly situated)

**47.** Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**48.** HOF Law is a debt collector as defined by 15 U.S.C. §1692a(6) as the

principal purpose of the business is the collection of debts, and/or it regularly collects or attempts to collect debts owed or due to another.

49.    On information and belief, HOF Law uses a form letter titled "NOTICE OF INTENTION TO FORECLOSE" that it sends to New Jersey homeowners prior to initiating foreclosure litigation.

50.    On information and belief, the HOF Law form letter always provides exactly thirty (30) days from the date of the letter for a homeowner to cure the alleged default by tendering money.

51.    On information and belief, the HOF Law form letter always includes a 15 U.S.C. §1692g notice providing the debtor thirty (30) days from receipt of the letter to dispute the debt and/or seek verification of the debt.

52.    The June 7 letter HOF Law sent to Mr. Riotto was the first communication the firm made with Mr. Riotto.

53.    On information and belief, the HOF Law form letter is always or almost always the first communication sent to a homeowner by HOF Law.

54.    The Hof Law form letter contains a disclosure pursuant to 15 U.S.C. §1692g(a) stating in part:

> UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID.  IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY

(30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

55.    The Fair Debt Collection Practices act states "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. §1692g(b).

56.    Portions of the June 7, 2019 letter overshadowed and/or are inconsistent with the consumer's rights to dispute the debt and/or request verification of the debt pursuant to 15 U.S.C. §1692g.

57.    One example of the inconsistent and/or overshadow problem can be seen where the letter states that if the default is not cured by July 7 (which is thirty days from the date of the June 7 letter) foreclosure proceedings will commence. Elsewhere, the letter states pursuant to 15 U.S.C. §1692g, that the debt can be disputed for thirty days from *receipt* of the letter, which is after July 7.

58.    By instructing the homeowner they must reinstate the loan *prior* to the deadline for disputing or requesting verification of the debt, or else face foreclosure, HOF Law violated 15 U.S.C. §1692g.

59.    The conduct of HOF Law caused Mr. Riotto to suffer damages including but not limited to stress, anxiety and confusion.

60.    Mr. Riotto is entitled to all relief available under 15 U.S.C. §1692k including

but not limited to statutory damages, actual damages, attorney fees and costs of suit.

**61.** Eligible class members are also entitled to all relief available under 15 U.S.C. §1692k.

**62.** By reason thereof, HOF Law is liable to Plaintiff for judgment that the conduct violated 15 U.S.C. §1692g of the Fair Debt Collection Practices Act, actual damages, statutory damages, costs and attorney's fees.

## DEMAND FOR TRIAL BY JURY·

**63.** Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Plaintiff's Counsel, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as

this Court may deem just and proper.


Dated:  June 18, 2019                    By:    */s/ Adam Deutsch*
                                                Adam Deutsch, Esq.
                                                Northeast Law Group, LLC
                                                P.O. Box 60717
                                                Longmeadow, MA 01106
                                                (413) 285-3646
                                                (NJ BAR ID 016542010)

# EXHIBIT 1

# H·O·F Hladik, Onorato & Federman, LLP
### THE HOF LAW GROUP

Bradley J. Osborne
Also Admitted PA Bar

Direct: (215) 855-9521
Fax: (215) 855-9121
Email: bosborne@hoflawgroup.com
Reply to: Laurel Springs

**June 7, 2019**

**Via First Class Mail and Certified Mail RRR-**
9214 8969 0099 9790 1415 0159 38
**Joseph M. Riotto
128 Big Piece Road
Fairfield, NJ 07004**

*Re:*    *Lender:*    ***Reliant Loan Servicing LLC***
    *Lender's Account Number:*
    *Address of Mortgaged Property:* ***128 Big Piece Road, Fairfield, NJ 07004***

## NOTICE OF INTENTION TO FORECLOSE
### (N.J.S.A. 2A:50-56)

Dear **Joseph M. Riotto**:

The Mortgage Loan you executed on , which is secured by a mortgage you executed on the above-referenced property, in the principal amount of **$106,500.00** is in default, because the current holder of the mortgage, **Reliant Loan Servicing LLC**, has not received the installments due for the months of **April 1, 2013** thru **June 7, 2019**.

## RIGHT TO CURE DEFAULT

You may cure your default by paying or tendering **$90,579.33** to us, on or before **July 7, 2019**. This amount includes any other scheduled installment and late charges, which will become due to us during this period, even though such installment may not presently be due. Your payment must be mailed to **Reliant Loan Servicing LLC, 920 Cassatt Road, Suite 210, Berwyn, PA 19312** *made payable to* "**Reliant Loan Servicing LLC**"

## FAILURE TO CURE

If you do not cure the default by **July 7, 2019**, we may initiate foreclosure proceedings against you and take steps to terminate your ownership in the property by commencing a foreclosure suit in a court of competent jurisdiction.

## RIGHT TO CURE AFTER FORECLOSURE COMMENCED

In the event that we commence a foreclosure action against you, you will still have a right to cure the default prior to entry of the foreclosure judgment pursuant to Section 5 of the "Fair Debt Foreclosure Act;" however, you will be responsible for our court costs and attorneys' fees in an amount not to exceed that amount permitted pursuant to the Rules Governing the Courts of the State of New Jersey.

## RIGHT TO TRANSFER OWNERSHIP

www.hoflawgroup.com

298 Wissahickon Ave., North Wales, PA 19454 * 215.855.9621  | 305 Old York Rd., Jenkintown, PA 19046 * 215.572.5095
3411 North 32nd St., Phoenix, AZ * 800.680.1648 | 1451 Chews Landing Rd., Suite 206 Laurel Springs, NJ 08021 * 856.352.4905

In the event that you transfer the real estate to another person, the transfer is still subject to our rights in the mortgage covering the property. The new owner of the property may have the right to cure the default as provided in the "Fair Foreclosure Act," subject to the mortgage documents.

## RIGHT TO SEEK LEGAL COUNSEL

You are advised to seek counsel from an attorney of your own choosing concerning your mortgage default situation. If you are unable to obtain an attorney, you may communicate with the New Jersey Bar Association or Lawyer Referral service in the county in which the mortgaged premises is located. If you are unable to afford an attorney, you may communicate with the Legal Services Office in the county in which the mortgaged premises is located. These numbers are listed on the attached Schedule.

## POSSIBLE FINANCE ASSISTANCE

You are advised that there may be the possible availability of financial assistance for curing a default from programs operated by the State or federal government or non-profit organizations, if any, as identified by the Commissioner of Banking. Section 5 of the "Fair Foreclosure Act" provides that this requirement may be satisfied by attaching a list of such programs promulgated by the commissioner. Such a list is attached.

## IF YOU DISAGREE WITH US

If you disagree with our assertion that (1) a default has occurred or (2) the correctness of our calculation of the amount required to cure the default, you may contact **Bradley J. Osborne, Esquire, Hladik, Onorato & Federman, LLP, 1451 Chews Landing Road, Suite 206 Laurel Springs, NJ 08021, (215) 855-9521.**

## Reliant Loan Servicing LLC

AS OF **June 7, 2019**, THE AMOUNT OF THE DEBT IS **$181,554.22**. THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED IS **RELIANT LOAN SERVICING LLC**. UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VAILD. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**THE FOLLOWING IS A LIST OF GOVERNMENTAL AND NON-PROFIT ENTITIES WHICH MAY PROVIDE FINANCIAL ASSISTANCE OR COUNSELING TO THE BORROWERS IN FORECLOSURE. IT IS RECOMMENDED THAT YOU CONSULT WITH YOUR ATTORNEY.**

**American Credit Alliance, Inc.**
26 S. Warren St.
Trenton, NJ 08608
**609-393-5400**

**Atlantic Human Resources, Inc.**
1 S. New York Ave.
Atlantic City, NJ 08401
**609-348-4131**

**Consumer Credit Counseling Service of Central New Jersey**
1931 Nottingham Way
Hamilton, NJ 08619
**609-586-2574**

**Consumer Credit Counseling Service of New Jersey**
185 Ridgedale Ave.
Cedar Knolls, NJ 07927-1812
**973-267-4324**

**Fair Housing Council of Northern New Jersey**
131 Main St.
Hackensack, NJ 07601
**201-489-3552**

**Garden State Consumer Credit Counseling, Inc.**
225 Willowbrook Road
Freehold, NJ 07728
**1-800-992-4557**

**Jersey Counseling & Housing Development, Inc.**
29 S. Blackhorse Pike
Blackwood, NJ 08012
**856-227-3683**

**Jersey Counseling & Housing Development, Inc.**
1840 S. Broadway
Camden, NJ 08104
**856-541-1000**
**Mercer County Hispanic Association**
200 E. State St. – 2nd Floor
Trenton, NJ 08607
**609-392-2446**

**Middlesex County Economic Opportunities Corporation**
1215 Livingston Ave.
North Brunswick, NJ 08902
**732-790-3344**

**Monmouth County Human Services**
Housing Services Unit
P.O. Box 3000
Freehold, NJ 07728
**732-431-7998**

**NJ Citizen Action** (*main office/financial education center*)
744 Broad St., Suite 2080
Newark, NJ 07102
**973-643-8800**
**1-800-NJ-OWNER** (loan counseling)
**1-888-TAXES-11** (free tax preparation assistance)

**NJ Citizen Action** (*Central Jersey*)
85 Raritan Ave., Suite 100

Highland Park, NJ 08904
**732-246-4772**

**NJ Citizen Action** (*South Jersey*)
2 Riverside Drive, Suite 362
Camden, NJ 08103
**856-966-3091**

**Ocean Community Economic Action Now, Inc.**
22 Hyers St.
Toms River, NJ 08753-0773
**732-244-2351, ext. 2**

**Paterson Coalition for Housing, Inc.**
262 Main St., 5th Floor
Paterson, NJ 07505
**973-684-5998**

**Paterson Task Force for Community Action, Inc.**
155 Ellison St.
Paterson, NJ 07505
**973-279-2333**

**Puerto Rican Action Board**
**Housing Coalition Unit**
90 Jersey Ave.
New Brunswick, NJ 08903
**732-249-9700**

**Tri-County Community Action Agency, Inc.**
110 Cohansey St.
Bridgeton, NJ 08302
**856-451-6330**

**Urban League for Bergen County**
106 W. Palisade Ave.
Englewood, NJ 07631
201-568-4988

**Urban League for Essex County**
508 Central Ave.
Newark, NJ 07101
**973-624-9535**

**Urban League of Union County**
288 N. Broad St.
Elizabeth, NJ 07208
**908-351-7200**

**Homelessness Prevention Program**
New Jersey Department of Community Affairs
**(866) 889-6270***

**\* Basic eligibility is limited to: (a) single family owner/occupied dwellings with all those on the deed
and mortgage occupying the house; (b) no more than one mortgage or lien encumbrance on the**

property; (c) no initiated or ongoing bankruptcy. Assistance will be in the form of a loan, and a lien will be placed on the property. The family must document the financial reason for nonpayment. At the time of the eligibility decision, the household must have and document sufficient income to support the household and repay the loan. There is a fee for the credit check and property search.

HOF # 19-00597-1