# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------

JOSEPH RIOTTO,                              :
                                            :
            Plaintiff,                      :
                                            :        Civ. Action No. 2:19-cv-13921-
v.                                          :        CCC-MF
                                            :
SN SERVICING CORPORATION;                   :
HLADIK, ONORATO &                           :
FEDERMAN, LLP,                              :
            Defendant.                      :
                                            :

---------------------------------------------

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HLADIK, ONORATO & FEDERMAN, LLP'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

---

WILENTZ, GOLDMAN & SPITZER P.A.
Brian J. Molloy Esq. (BM7630)
Daniel S. Bernheim, 3d, Esq. (*pro hac vice pending*)
Jonathan J. Bart, Esq. (*pro hac vice pending*)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Defendant Hladik, Onorato &
Federman, LLP

# TABLE OF CONTENTS

**PAGE**

I.      PRELIMINARY STATEMENT ..................................................................... 1

II.     STANDARDS FOR THIS MOTION.............................................................. 5

III.    UNDER THE SUPREME COURT'S *OBDUSKEY* OPINION, HOF IS NOT A DEBT COLLECTOR AGAINST WHOM AN FDCPA CLAIM MAY BE ASSERTED UNDER THE FACTS OF THIS CASE ..................................................................... 8

IV.     EVEN IF HOF IS DEEMED TO BE A DEBT COLLECTOR UNDER THE FDCPA, THE COMPLAINT STATES NO CLAIM FOR RELIEF AGAINST HOF .................. 13

        A.      The Complaint States No Valid Claim For Relief Against HOF Under 15 U.S.C. § 1692g(b) ................................................................13

        B.      Interpreted As A Claim Under Section 1692e(2) Or (10), Or 1692g(a), No Claim Is Stated Because There Is Nothing Confusing Or Misleading About Providing Accurate Information ..........................................15

V.      CONCLUSION..................................................................................... 20

#10732250.1

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bank of New York v. Laks,*
  422 N.J. Super. 201, 27 A.3d 1222 (App. Div. 2010) ............................................8

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007).................................................................................................6

*Bethlehem Plaza v. Campbell,*
  403 F. Supp. 966 (E.D. Pa. 1975) ...........................................................................5

*Campuzano-Burgos v. Midland Credit Management, Inc.,*
  550 F.3d 294 (3d Cir. 2008)...................................................................................15

*Car Carriers, Inc. v. Ford Motor Co.,*
  745 F.2d 1101 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985).......................6

*Commonwealth of Pennsylvania v. Brown,*
  373 F.2d 771 (3d Cir. 1967)....................................................................................7

*DiNicola v: DiPaolo,*
  945 F. Supp. 848 (W.D. Pa. 1996)..........................................................................7

*Federal Home Loan Mtg. Co. v. Lamer,*
  503 F.3d 504, 513 (6th Cir. 2007) ..........................................................................1

*Glazer v. Chase Home Fin. LLC,*
  704 F.3d 453 (CA 6 2013) .....................................................................................10

*Graziano v. Harrison,*
  950 F.2d 107 (3d Cir. 1991)...................................................................................18

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,*
  559 U.S. 573, 617 (2010)........................................................................................1

*Kaymark v. Bank of America, N.A.,*
  783 F.3d 168 (CA 3 2015) ...............................................................................10, 12

*Kramer v. Time Warner, Inc.,*
  937 F.2d 767 (2d Cir. 1991)....................................................................................7

*Mack v. South Bay Beer Distributors, Inc.,*
  798 F.2d 1279 (9th Cir. 1986) .................................................................................7

-ii-

## TABLE OF AUTHORITIES (cont'd)

**PAGE**

*Max v. Gordon & Weinberg, P.C.,*
2016 WL 475290 (D.N.J. 2016) ...........................................................................1

*McNamara v. County Council of Sussex County,*
738 F. Supp. 134 (D. Del.), *aff'd*, 922 F.2d 832 (3d Cir. 1990) ................................5

*Obduskey v. Wells Fargo,*
2016 WL 4091174 (D. Col. 2016) .............................................................9, 10, 11

*Obduskey v. Wells Fargo,*
879 F.3d 1216 (2018) ...........................................................................................9

*Obdusky v. McCarthy & Holthus,*
LLP, 139 S.Ct. 1029 (U.S. 2019) .......................................................................2, 8

*Oppong v. First Union Mortgage Corp.,*
326 Fed. Appx. 663 (3d Cir. 2009) ................................................................17, 18

*Oppong v. First Union Mortgage Corp.,*
566 F.Supp. 2d 395 (E.D. PA 2008),
*aff'd* 326 Fed. Appx. 663 (3d Cir. 2009) ......................................................4, 16, 17

*Peterson v. Portfolio Recovery Associates, LLC,*
430 Fed. Appx. 112, 116 fn.3 (3d Cir. 2011) .......................................................14

*In re Plywood Antitrust Litigation,*
655 F.2d 627 (5th Cir. 1981) *cert. dismissed*, 462 U.S. 1125 (1983) ......................6

*Randolph County Federal Savings & Loan Assn. v. Sutliffe,*
775 F. Supp. 1113 (S.D. Ohio 1991) ....................................................................6

*Schatz v. Rosenberg,*
943 F.2d 485 (4th Cir. 1991), *cert. denied*, 112 S.Ct. 1475 (1992) ..........................5

*Scheid v. Fanny Farmer Candy Shops, Inc.,*
859 F.2d 434 (6th Cir. 1988) ...............................................................................6

*Scott v. Regulus Integrated Solutions,*
2016 WL 6776364 (W.D. Pa. 2016) .....................................................................14

*Tauro v. Asset Acceptance,*
2012 WL 2359954 (W.D. Pa. 2012) .....................................................................14

*U.S. Bank v. Guillaume,*
209 N.J. 449, 38 A.3d 570 (2012) .........................................................................8

#10732250.1

**TABLE OF AUTHORITIES** (cont'd)

**PAGE**

*Wilson v. Drapper & Goldberg, P.L.L.C.,*
    443 F.3d 373 (CA 4 2006) ................................................................10

**Statutes**

15 U.S.C. 1692g(b) ................................................................................7

15 U.S.C. § 1692a(6) .........................................................................11

15 U.S.C. § 1692f(6) .....................................................................11, 12

15 U.S.C. § 1692g(a) ...............................................................2, 4, 8, 19

15 U.S.C. § 1692g(b) ............................................................4, 13, 14, 15

Fair Debt Collection Practices Act Section 1692g(b), 15 U.S.C. §§ 1692a *et seq* .........................1

N.J.S.A. 2A:50-56 ................................................................................1

Section 1692e(2) ................................................................................4

Sections 1692e(2) and (10) ...............................................................19

**Rules**

Fed. R. C. P. 12(b)(6) ......................................................................5, 7

Fed. R. Evid. 201 ................................................................................7

**Other Authorities**

5A Wright & Miller, Federal Practice and Procedure. §1364 (1990) ............................7

#10732250.1

Defendant Hladik, Onorato & Federman, LLP ("HOF"), by its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint of Plaintiff Joseph Riotto ("Riotto") against it with prejudice.

## I.    PRELIMINARY STATEMENT

This case arises in the context of the "cottage industry" that has arisen nationwide among sophisticated class action counsel looking not for a remedy for unsophisticated consumers whose rights have been violated by unscrupulous debt collectors but rather, looking for a windfall for themselves based on the smallest of alleged infractions as to which the hypothetical unsophisticated consumer would never notice or complain.[1]   In this case, counsel located in Longmeadow, Massachusetts, with a sizeable internet and social media presence, has purported to bring a class action claim against HOF under Section 1692g(b) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a *et seq.,* for inclusion of what it acknowledges is a proper FDCPA Validation Notice contained within an equally proper New Jersey Notice of Intention to Foreclosure pursuant to N.J.S.A. 2A:50-56. A copy of the Notice of Intention to Foreclose is attached to the Complaint as

---

[1] See, e.g., Max v. Gordon & Weinberg, P.C., 2016 WL 475290 (D.N.J. 2016) (at *5, fn6), (citing, Federal Home Loan Mtg. Co. v. Lamer, 503 F.3d 504, 513 (6th Cir. 2007)) (Declaration of Brian J. Molloy, Esq. ("Molloy Decl."), Exh. A); Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 617 (2010) (Kennedy, J., dissenting, joined by Alito, J.) ("Today's holdings gives real impetus to this already troubling dynamic of allowing certain actors in the system to spin even good-faith, technical violations of federal law into lucrative litigation, if not for themselves then for the attorneys who conceive of the suit.").

Exhibit "A." Specifically, Riotto, who nowhere disputes the fact that he has failed to pay his mortgage since **April of 2013,** received a Notice of Intention to Foreclose stating, as statutorily required, that "if you do not cure the default by July 7, 2019, we may initiate foreclosure proceedings against you and take steps to terminate your ownership in the property by commencing a foreclosure suit in a court of competent jurisdiction." The Notice, as an "initial communication," to the extent that the FDCPA is applicable,[2] required an FDCPA Validation Notice pursuant to 15 U.S.C. § 1692g(a). Thus, HOF included the following validation language in the Notice:

Reliant Loan Servicing LLC

AS OF **JUNE 7, 2019**, THE AMOUNT OF THE DEBT IS **$181,554.22.** THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED IS **RELIANT LOAN SERVICING LLC.** UNLESS YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE DEBT, OR ANY PART OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE

---

[2] As noted in Section III of the Argument, at pp. 6-9, *infra*, the recent Opinion of the Supreme Court in *Obdusky v. McCarthy & Holthus,* LLP, 139 S.Ct. 1029 (U.S. 2019) inextricably holds that the enforcement of a security interest through foreclosure, of which HOF's notice of intent to foreclose was an integral step, is <u>not</u> subject to the FDCPA. While the *Obdusky* Opinion occurred in the contents of a non-judicial foreclosure, the cases cited by the Supreme Court as creating the Circuit split and which were abrogated by the *Obdusky* Opinion all arose in the judicial foreclosure context. Accordingly, HOF submits that in light of *Obdusky*, no claims under the FDCPA., arise against a law firm conducting only foreclosure proceedings as was the case here.

ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.  THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Riotto does not contend that there was <u>anything</u> incorrect or improper about the Validation Notice language contained in the Notice of Intention to Foreclose. There is no contention that the form of the notice was improper or in any way overshadowed the information contained therein due to its placement or small print, for example.  Rather, the Complaint alleges that the provision of **correct** information in the letter which states that if the default is not cured by July 7th (30 days after the date of the letter) "we may initiate foreclosure proceedings against you" constitutes an FDCPA violation because <u>correct</u> information under the FDCPA also was provided in the Validation Notice, i.e., that Riotto had thirty (30) days after receipt of the Notice to dispute the debt or it would be assumed to be valid.[3]  In other words, Riotto asserts that the correct information concerning when a foreclosure proceeding may be initiated contained in the Notice of Intention to Foreclose overshadows the Validation Notice because the FDCPA permits a response within thirty (30) days after **receipt** of the Notice, while the New Jersey rule allows the filing of a foreclosure suit thirty days after the Notice is sent.  On

---

[3]  The Complaint incorrectly characterizes this language being "foreclosure proceedings **will** commence." Complaint, ¶ 57.  The Notices stated that "we <u>may</u> initiate foreclosure proceedings against you" after that date, a statement which was objectively correct.

this sole basis, plaintiff seeks to represent a class on behalf of all New Jersey foreclosure defendants who may have received a notice similar to Riotto.

As discussed below, the claim is defective on its face, inasmuch as plaintiff has failed to allege the elements of a Section 1692g(b) claim, which requires that (1) the consumer dispute the debt in writing to the alleged debt collector, (2) that the debt collector's response did not satisfy the verification requirements and (3) the debt collector then engaged in post-dispute conduct in violation of the FDCPA. None of these elements is satisfied, and thus, the claim is defective on its face. Rather, Plaintiff appears to confuse the "overshadowing" issue identified in the "Dispute" Subsection of Section 1692g with a claim for a defective notice violating the requirements of Section 1692g(a), which is not alleged, or a claim for violation of Section 1692e(2) or (10) for sending misleading or deceptive debt collection communications.  To the extent that the claim is interpreted in that manner, it is foreclosed by *Oppong*[4] and other cases holding that correct information containing information concerning state and FDCPA time limits which may conflict is not confusing to the least sophisticated consumer and does not state a claim under the FDCPA.  Frankly, what does Riotto (or more accurately, his counsel) expect HOF to do—misstate the time deadlines as provided under state

---

[4] *See Oppong v. First Union Mortgage Corp.*, 566 F.Supp. 2d 395 (E.D. PA 2008), *aff'd* 326 Fed. Appx. 663 (3d Cir. 2009).

and federal law?  If HOF did that, of course, they would be sure to receive FDCPA

claims based on the allegations that the correct deadlines were misstated.  Here,

there can be no confusion of a consumer who receives a notice stating that a

foreclosure action <u>may</u> be brought after the expiration of thirty days from the date

of the Notice and that he or she has (30) thirty days after <u>receipt</u> of the notice to

dispute the debt.  These are separate deadlines, but not ones that would confuse a

person of reasonable intelligence who reads the notice in its entirety.  Unlike the

cases finding an overshadowing, this case does not involve subjective artificial

deadlines imposed by a debt collector to create fear and induce rapid payment, but

rather, merely provides accurate and correct information.  This simply is not a

violation of the FDCPA as a matter of law, <u>even</u> if the FDCPA still applies to

judicial foreclosure practitioners after *Obdusky*.

## II.   <u>STANDARDS FOR THIS MOTION</u>

On a motion to dismiss a complaint for failure to state a claim for relief

pursuant to Fed. R. C. P. 12(b)(6), all well-pleaded facts in the Complaint are

deemed to be true.  *McNamara v. County Council of Sussex County,* 738 F. Supp.

134, 137 (D. Del.), *aff'd*, 922 F.2d 832 (3d Cir. 1990); *Bethlehem Plaza v.

Campbell,* 403 F. Supp. 966, 967 (E.D. Pa. 1975).  However, unsupported

conclusions without a factual basis and sweeping conclusions of law cannot be

utilized by a plaintiff to defeat a motion to dismiss.  *Schatz v. Rosenberg*, 943 F.2d

485, 489 (4th Cir. 1991), *cert. denied*, 112 S.Ct. 1475 (1992); *Randolph County Federal Savings & Loan Assn. v. Sutliffe*, 775 F. Supp. 1113, 1115-16 (S.D. Ohio 1991). In order to avoid dismissal, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985); *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981) *cert. dismissed*, 462 U.S. 1125 (1983). As stated by the Sixth Circuit:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), <u>the pleader must allege sufficient facts as to each claim such that it is "plausible on its face."</u>  *Id.*, 550 U.S. at 530.  A pleader cannot, without any factual basis (as plaintiffs attempt to do with their late fee allegation herein) "aver" a conclusion.  *Twombly* requires that a pleader allege <u>facts</u> which raise the right to relief above the speculative level." *Id.* at 555.

In the consideration of a motion to dismiss pursuant to Rule 12(b)(6), the court must limit itself to facts stated in the Complaint, in documents attached to the Complaint, and matters of which judicial notice may be taken under Fed. R. Evid. 201. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Commonwealth of Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967). Judicial notice may be taken of matters of public record without converting a motion to dismiss to a summary judgment motion. 5A Wright & Miller, Federal Practice and Procedure. §1364 at p. 479 (1990); *Kramer v. Time Warner, Inc., supra*. 937 F. 2d at 773 (3d Cir. 1991); *DiNicola v. DiPaolo*, 945 F. Supp. 848, 855 n.2 (W.D. Pa. 1996). Where facts alleged to be true in the Complaint are contradicted by facts that can be judicially noticed, those facts (in the Complaint) will not be deemed to be true for the purposes of a Rule 12(b)(6) motion. 5A Wright & Miller, *Federal Practice and Procedure*, §1363 at p. 464 and n. 38 (1990) (and cases cited therein).

As discussed below, the Supreme Court's *Obdusky* Opinion requires the dismissal of the Complaint as against HOF, which in the act of transmitting a notice required under New Jersey law to commence a foreclosure, is not a "debt collector" under the FDCPA. To the extent that it is considered a debt collector, however, no claim is stated under 15 U.S.C. 1692g(b) because no dispute of the

Validation Notice was sent to HOF nor were there any illegal post-dispute actions alleged.  If the claim is interpreted as a claim under Sections 1692g(a) or 1692e(2) and (10), it also is defective because the Notice provided by HOF is not inaccurate nor misleading.  Rather, it timely notified Riotto of correct time limits for state and federal law requirements.  There is nothing in the Notice constituting an FDCPA violation as a matter of law.

**III.  UNDER THE SUPREME COURT'S *OBDUSKEY* OPINION, HOF IS NOT A DEBT COLLECTOR AGAINST WHOM AN FDCPA CLAIM MAY BE ASSERTED UNDER THE FACTS OF THIS CASE**

Riotto specifically bases his FDCPA claim against HOF on activity integrally related to the commencement of a foreclosure action, i.e., the service of a Notice of Intention to Foreclose, which is a required precondition to a foreclosure action under New Jersey law.  *See, e.g., Bank of New York v. Laks,* 422 N.J. Super. 201, 27 A.3d 1222, 1229 (App. Div. 2010),[5] *overruled in part on other grnds in U.S. Bank v. Guillaume,* 209 N.J. 449, 38 A.3d 570 (2012).

However, on March 20, 2019, the Supreme Court released its Opinion in *Obduskey v. McCarthy & Holthus LLP,* 139 S.Ct. 1029 (U.S., 2019).  In *Obduskey,* a mortgagor had brought an FDCPA claim against the defendant law firm, which had commenced non-judicial foreclosure proceedings under Colorado law against

---

[5] In *Laks*, the Appellate Division held that there is a "statutory mandate that a plaintiff in a residential foreclosure action plead compliance with the notice of intentional precondition in its complaint." *Id.* at 1229.

#10732250.1

the mortgagor. The law firm had mailed a letter to the mortgagor stating that the firm had been "instructed to commence foreclosure," set forth the amount outstanding on the loan and identified the creditor as Wells Fargo. *Id.* at *1035. The letter also served as a Validation Notice under the Fair Debt Collection Practices Act ("FDCPA"). *Id.* The mortgagor responded to the FDCPA Validation Notice by disputing the debt and requesting verification of that debt. *Id.* The law firm failed to respond to this letter, failed to cease collecting on the debt and did not provide verification of the debt. Instead it filed a non-judicial foreclosure action by filing a notice of election and demand with the county public trustee. *Id.* The mortgagor then filed a lawsuit alleging violations of the FDCPA by, among other things, failing to adhere to the verification procedure. *Id.* The district court dismissed the suit on the ground that "the law firm was not a debt collector" within the meaning of the FDCPA and thus, the requirements of the FDCPA were inapplicable. *Obduskey v. Wells Fargo,* 2016 WL 4091174 (D. Col. 2016) (at *3) (Molloy Decl., Exh. B). The Tenth Circuit Court of Appeals affirmed the dismissal, stating that "the mere act of enforcing a security interest through a non-judicial foreclosure proceeding does not fall under" the Act. *Obduskey v. Wells Fargo,* 879 F.3d 1216, 1223 (2018).

The mortgagor then petitioned for *certiorari* and in reviewing its grant of the petition, the Supreme Court stated as follows:

> In light of different views among the Circuits about application of the FDCPA to non-judicial foreclosure proceedings, we granted the petition. *Compare Ibid and Vien-Phuong Thi Ho v. ReconTrust Co., N.A.,* 858 F.3d 568, 573 (CA 9 2016) (Holding that an entity whose only role is the enforcement of security interests is not a debt collector under the Act), with *Kaymark v. Bank of America, N.A.,* 783 F.3d 168, 179 (CA 3 2015) (Holding that such an entity is a debt collector for the purpose of all the Act's requirements), *Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 461 (CA 6 2013) (same) and *Wilson v. Drapper & Goldberg, P.L.L.C.,* 443 F.3d 373, 376 (CA 4 2006) (same).

*Id.* at *4.

Significantly, while the case before the Supreme Court involved a non-judicial foreclosure, **all** three of the cases cited by the Court in its decision to grant *certiorari* for the proposition that entities enforcing security interests were not debt collectors for all purposes under the FDCPA involved <u>judicial foreclosure</u> proceedings, not non-judicial foreclosure proceedings. *See Kaymark, supra* at 171 ("On behalf of BOA, Udren Law Offices, P.C. ("Udren") initiated foreclosure proceedings against Kaymark in [Pennsylvania] state court."); *Glazer, supra* at 456 ("In June 2008, RACJ filed a foreclosure action on Chase's behalf in state court . . . "); and *Wilson, supra* at 379 ("Defendants allegedly initiated over 2300 foreclosure actions in Maryland in 2003."). As discussed below, this is not an accident. The statutory interpretation analysis adopted by the Supreme Court in *Obduskey* <u>necessarily</u> requires the inclusion of entities seeking judicial foreclosures

-10-

as well as non-judicial foreclosures.  As found by the Supreme Court, the language in 15 U.S.C. § 1692a(6) providing a supplemental definition for debt collector for enforcers of security interests would be rendered "surplusage" if those persons were included in the general definition as well.  *Obduskey, supra* at 1036-37.  The general language states that a debt collector is:  "any person . . . in a business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts."  The limited-purpose definition of a debt collector is:  "for the purpose of Section 1692f(6) . . . the term [debt collector] **also includes any person** . . . in any business the principal purpose of which is the enforcement of security interests."  15 U.S.C. § 1692a(6) (emphasis added).  The term "also" in the limited-purpose definition necessarily means that it is not to be included in the general definition.  *Id.* at 1037.  Since the limited purpose definition is the enforcement of security interests, and there is no distinction in that definition between those persons enforcing security interests through judicial and non-judicial means, the definition must apply equally (if not more strongly[6]) to enforcers of security interests in judicial proceedings.  Further, as noted by Justice Breyer, the legislative history of the FDCPA reveals that Congress rejected a version of the bill that would have subjected security interest

---

[6] According to the limited purpose definition, enforcers of security interests are subject to liability under the FDCPA only for certain acts committed in non-judicial foreclosures.  *See* 15 U.S.C. § 1692f(6).  Thus, enforcers of security interests through judicial foreclosures must be fully exempt according to the plain language of the statute.

enforcers to the full coverage of the Act. *Id.* at 1037. Instead, Congress limited the inclusion of enforcers of security interests within the definition of debt collectors **only** to the limited extent set forth in 15 U.S.C. § 1692f(6), which is not applicable here.

Thus, the Supreme Court's analysis in *Obduskey,* <u>which specifically abrogated the Third Circuit's holding in *Kaymark* (*Id.* at 1035)</u>[7], which had applied the FDCPA to a firm conducting a judicial foreclosure despite the fact that the firm raised the same argument concerning the exclusion of entities enforcing security interests, requires that enforcers of security interests in judicial foreclosure are completely exempted from the Act and enforcers of security interests in non-judicial foreclosures are exempt from the Act subject to the limited exceptions of Section 1692f(6). No other logical interpretation of the Court's Opinion is possible that fits within basic precepts of statutory interpretation. *Kaymark* has been specifically abrogated and an attorney which as here, only pursues an *in rem* remedy in foreclosure, is not a debt collector subject to liability under the FDCPA. Thus, the Complaint should be dismissed as against HOF because of all its actions which are complained of relate to *in rem* foreclosure proceedings only.

---

[7] In *Kaymark*, the Third Circuit specifically rejected the defendant law firm's argument that the filing of foreclosure complaints "cannot be the basis of FDCPA claims," determining instead that institution of foreclosure proceedings fell within the statutory reach of the FDCPA. *See Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 178-79 (3d Cir. 2015). It was this holding that was abrogated by the Supreme Court in *Obduskey* and thus, the instant complaint against a law firm for serving the notice required to commence a New Jersey foreclosure cannot survive.

#10732250.1

## IV.   EVEN IF HOF IS DEEMED TO BE A DEBT COLLECTOR UNDER THE FDCPA, THE COMPLAINT STATES NO CLAIM FOR RELIEF AGAINST HOF

### A.   The Complaint States No Valid Claim For Relief Against HOF Under 15 U.S.C. § 1692g(b)

Riotto only asserts a claim against HOF under 15 U.S.C. § 1692g(b) of the Fair Debt Collection Practices Act.   *See* Complaint, ¶ 55.   Subsection (b) of Section 1692g of the FDCPA provides as follows:

> **[b] Disputed Debts**
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in Subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer request the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.   Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer request the name and address of the original creditor. **Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

15 U.S.C. § 1692g(b) (emphasis added).

#10732250.1

As the plain language of subsection (b) makes clear, the requirements of that section only apply to "disputed debts", i.e., <u>where the consumer has provided notice to the debt collector of the dispute</u>.  Only then does the "overshadowing" issue become germane.  Thus, it is well settled that to state a cause of action under Section 1692g(b), pertaining to disputed debts, a plaintiff must set forth facts showing that (1) he sent a writing to the debt collector disputing the debt and thereby triggered the verification requirements; (2) the debt collector's response did not satisfy the verification requirements; and (3) the debt collector thereafter engaged in post-dispute conduct that amounted to prohibited debt collection activity.  *Scott v. Regulus Integrated Solutions,* 2016 WL 6776364 (W.D. Pa. 2016) (citing Peterson v. Portfolio Recovery Associates, LLC, 430 Fed. Appx. 112, 116 fn.3 (3d Cir. 2011)) (Molloy Decl., Exh. C); *Tauro v. Asset Acceptance*, 2012 WL 2359954 (W.D. Pa. 2012) (at *3) (Molloy Decl., Exh. D).   The "overshadowing" requirement only pertains to communications made <u>subsequent</u> to the original Validation Notice in the context of a "dispute." *Scott v. Regulus Integrated Solutions, supra*.  Here, none of the three requirements for a claim under Section 1692g(b) is alleged and accordingly, no claim is stated under that Subsection of the FDCPA as a matter of law.  Accordingly, the Complaint must be dismissed with prejudice as against HOF.

**B.      Interpreted As A Claim Under Section 1692e(2) Or (10), Or 1692g(a), No Claim Is Stated Because There Is Nothing Confusing Or Misleading About Providing Accurate Information**

Because it is inevitable that Riotto will argue that regardless of his failure to allege the elements of a Section 1692g(b) claim, HOF's Notice of Intention to Foreclose would be confusing or misleading to the least sophisticated consumer and thus violative of Section 1692e(2) or (10),[8] or constitute a non-compliant Validation Notice under Section 1692g(a), it is necessary to point out that the Third Circuit has conclusively held in virtually identical circumstances that the least sophisticated consumer is capable of understanding two separate time deadlines pertaining to state law and federal law issues.  As noted by the Third Circuit, the least sophisticated standard safeguards debt collectors from liability for bizarre or idiosyncratic interpretations of collection notices by preserving at least a modicum of reasonableness as well as "presuming a basic level of understanding and willingness to read with care [on the part of the recipient]."  *Campuzano-Burgos v. Midland Credit Management, Inc.,* 550 F.3d 294, 299 (3d Cir. 2008).

Under this standard, the law presumes the ability of a consumer to read through a notice such as that sent by HOF and understand that two separate time deadlines are applicable to a state court lawsuit in the first instance and the ability

---

[8] Section 1692e(2) prohibits the false representation of the legal status of any debt and Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

to dispute a debt under the FDCPA on the other.   That was the holding of the Eastern District of Pennsylvania in *Oppong v. First Union Mortgage Corp.,* 566 F.Supp. 2d 395 (E.D. Pa. 2008), *aff'd*, 326 Fed. Appx. 663 (3d Cir. 2009).   In *Oppong*, a foreclosure complaint was served by a law firm containing a Validation Notice.[9]   The Complaint stated that the debtor had 20 days "after the Complaint and Notice are served to enter an appearance personally or by attorney in filing in writing with the Court your defenses or objections to the claim set forth against you." *Id.* at 402.   The Validation Notice contained in the Complaint also provided that "Defendants may dispute the validity of the debt . . . in writing within 30 days of receipt of this pleading." *Id.*   The *Oppong* Court noted this as a potential ambiguity in that "[w]hile the Section 1692g Notice requires a debtor to respond within 30 days, the state court rule requires a defendant to answer a complaint with 20 days of its filing." *Id.*   The Court rejected the plaintiff's argument that this discrepancy in dates was confusing or misleading to the least sophisticated and consumer and thus rendered the Validation Notice defective:

> The Sixth Circuit was confronted with the identical issue in *Federal Home Mortgage Corp. v. Lamar,* 503 F.3d 504. There, the Complaint sent to the debtor advised him that he had 20 days to file an answer to the complaint.  In the same complaint, the creditor advised the debtor that

---

[9] It should be noted that the case arose prior to the 2006 amendment to the FDCPA which excluded a Complaint from the definition of an "initial communication."  However, the amendment in no way changes the analysis of the Court concerning whether including accurate, but differing state and federal deadlines in a Validation Notice is misleading.

he had 30 days within which to dispute the debt.  *Id.*
Holding that the complaint did not violate the FDCPA,
the Court wrote "[w]e find that the least sophisticated
consumer, after carefully reading the summons, notice
and complaint in their entirety, would not be led to
believe that she did not have thirty days in which to
dispute the validity of the debt.  [Defendant] was not
obligated to include further reconciling language to
comply with the FDCPA.  Id. at 511.  *See also Goldman
[v. Cohen,* 445 F.3d  152 (2d Cir. 2006)] at 155 (finding
unpersuasive the argument that it would be confusing to
the debtor if it required to comply with both the 20-and
30-day deadlines".

**The Court agrees with the reasoning in Lamar and
Goldman.   In the Foreclosure Complaint, Oppong
was presented with two distinct deadlines within
which to perform two distinct actions; one, when to
file an answer to the complaint and two, when to
dispute the debt.  The least sophisticated consumer,
upon   reviewing   the   complaint,   would   have
comprehended   and   been   able   to   follow   these
independent deadlines.**

*Id.*, 566 F.Supp. 2d at 402-03 (emphasis added).

The Third Circuit then affirmed the determination of the District Court.  *See*

*Oppong v. First Union Mortgage Corp.,* 326 Fed. Appx. 663 (3d Cir. 2009).  In

affirming the District Court, the Third Circuit held that "the District Court also

properly held that the Validation Notice satisfied the objective "least sophisticated

consumer" standard."  *Id.* at 666.  It also addressed the 20 verses 30 day distinction

and agreed with the District Court that the "least sophisticated consumer,"

reviewing the Foreclosure Complaint in Oppong's case would have comprehended

and been able to follow its independent guidelines. *Id.* ("We note that Oppong apparently comprehended the difference in deadlines for filing an FDCPA response and for filing an answer to the Foreclosure Complaint because he answered the Foreclosure Complaint within the 20-day time period." *Id.* at 666 fn.4.

Thus, where, as here, the Validation Notice provides **correct** information concerning state and federal court deadlines, although not identical, the objective least sophisticated consumer standard has been held by the Third Circuit to allow that least sophisticated consumer can understand the distinction between the federal and state deadlines. Cases in which deadlines have been held to conflict invariably involve subjective artificial deadlines set by a debt collector, such as a threat to sue within ten days unless the debt was resolved within that time, while including the Validation Notice provision of allowing 30 days to dispute the debt. *See Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991).

Unlike in *Graziano,* here there was no subjective time period imposed on Riotto—the time periods stated in the Notice of Intention to Foreclose accurately reflected New Jersey's requirements under the Fair Foreclosure Act and the FDCPA's separate requirement. The Third Circuit in *Oppong* distinguished the situation in *Graziano* and held that a notice such as that sent by HOF in this case did not violate the FDCPA. As noted above, it is one thing to argue that an

-18-

artificial deadline set by a debt collector with no reference to state law is confusing and might overshadow the 30 day time period within which to dispute the debt. However, when all that occurred in this case is provision of <u>accurate</u> information concerning the debt and both state and federal time deadlines, there can be no confusion over this truthful information.   Indeed, HOF was <u>required</u> to provide both of these deadlines to comply with both Federal and state law.   Converting this notice into an FDCPA violation would constitute the ultimate "Catch 22" for the law firm in that any deviation from the statutory language might leave it subject to claims under either federal or state law.   It simply cannot be deemed to have violated the FDCPA by complying with state law.   The Third Circuit's Opinion in *Oppong* makes that clear.   The claims, even if interpreted as claims under Sections 1692e(2) and (10) or Section 1692g(a), which are not alleged, fail to state claims for relief.   The complaint should therefore be dismissed as to HOF.

#10732250.1

## V.    **CONCLUSION**

For all the reasons set forth herein, it is respectfully submitted that the Complaint

as against HOF be dismissed with prejudice.


WILENTZ, GOLDMAN & SPITZER P.A.


Dated:  July 15, 2019          By:   */s/ Brian J. Molloy*

Brian J. Molloy Esq. (BM7630)
Daniel S. Bernheim, 3d, Esq. (*pro hac vice pending*)
Jonathan J. Bart, Esq. (*pro hac vice pending*)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Defendant Hladik, Onorato &
     Federman, LLP