NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH M. RIOTTO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SN SERVICING CORPORATION et al.,<br><br>Defendants. | Civil Action No.: 19-cv-13921<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court by way of defendant Hladik, Onorato & Federman, LLP's ("Defendant") motion to dismiss (ECF No. 31) plaintiff Joseph Riotto's ("Plaintiff") first amended putative class-action complaint (ECF No. 29) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed Defendant's motion (ECF No. 33), and Defendant replied (ECF No. 34). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants Defendant's motion and dismisses the first amended complaint.

**II.     BACKGROUND**

This matter arises out of Plaintiff's loan default in connection with a mortgage, and subsequent debt collection efforts made by Defendant Hladik, Onorato & Federman, LLP on behalf of Reliant Loan Servicing LLC ("Reliant"). Plaintiff alleges that on June 7, 2019 Defendant sent Plaintiff a collection letter (the "Letter") that was "misleading" and failed to "effectively

convey" information about the debt Plaintiff owed Reliant. As a result, Plaintiff claims that the Letter violated his rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq. See generally* ECF No. 29.

Plaintiff, a New Jersey resident, alleges that in 2006 he obtained a loan secured by a second position mortgage on his property located at 128 Big Piece Road, Fairfield, New Jersey. ECF No. 1 at ¶¶ 5–6. Plaintiff further claims that, sometime before 2014, "due to unforeseen financial circumstances," he defaulted on the loan. *Id.* at ¶ 8. By February 2019, Plaintiff asserts he began to receive debt collection correspondences, and, on June 7, 2019, Plaintiff purportedly received the Letter at issue from Defendant notifying him that Defendant, on behalf of Reliant, intended to collect the $181,554.22 Plaintiff owed on the debt. *Id.* at ¶¶ 10–11. The Letter, which allegedly was Defendant's first communication to Plaintiff regarding the debt, also appears to contain numerous disclosures that implicate Plaintiff's rights under the FDCPA. *Id.* at ¶ 12.

Specifically, the four-page Letter is printed on Defendant's letterhead.[1] ECF No. 29 Ex. A. It includes eight paragraphs, printed in similar font type and size, each separated by a bolded title, which provides the debtor with information regarding his rights during a possible impending foreclosure proceeding. *Id.* Notably, in the second paragraph on page one, the Letter states that Plaintiff may cure the default by "paying . . . us" the amount owed, and instructs Plaintiff to mail payment and make payment payable to "Reliant Loan Servicing LLC." *Id.* In the following paragraph, the Letter states that "[i]f you do not cure the default by July 7, 2019, we may initiate foreclosure proceedings against you . . . by commencing a foreclosure suit in a court of competent jurisdiction." *Id.*

---

[1] As Plaintiff attached the Letter to his first amended complaint, the Court may consider its contents at the motion to dismiss stage. *Pension Ben. Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

On the second page, the Letter provides the debtor with Defendant's contact information, including Defendant's physical address and phone number, and directs the debtor to contact Defendant "[i]f you disagree with our assertion that (1) a default has occurred or (2) the correctness of our calculation of the amount required to cure the default." *Id.* Moreover, in the paragraph immediately below Defendant's contact information, the Letter contains a disclosure to comply with the validation notice requirement enumerated in section 15 U.S.C. § 1692g(a). *Id.* This notice, written in all capital letters, describes how Plaintiff may dispute the debt pursuant to the FDCPA:

> The name of the creditor to whom the debt is owed is Reliant Loan Servicing LLC. Unless you notify us in writing within thirty (30) days after receipt of this letter that the debt, or any part of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you. Also upon your written request within thirty (30) days, we will provide you with the name and address of the original creditor if different from the current creditor. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

*Id.* The final two pages of the Letter provide information regarding organizations that can provide debt counseling or financial assistance to borrowers facing foreclosure. *Id.*

On June 18, 2019, Plaintiff brought this putative class-action against Defendant and SN Servicing Corporation. ECF No. 1. Defendant and SN Servicing Corporation each filed a motion to dismiss the complaint (ECF Nos. 8, 16), and after the parties engaged in briefing (ECF Nos. 17, 19–20, 22), they entered mediation on June 26, 2020 (ECF No. 24). Following mediation, the parties agreed to dismiss SN Servicing Corporation from the action. ECF Nos. 26–27. Thereafter, on August 17, 2021, the Court directed Plaintiff to file an amended complaint to include allegations he raised for the first time in his opposition to the motions to dismiss. ECF No. 28. The Court further ordered that, should Defendant choose to move to dismiss an amended complaint, the parties should address the Court's recent holding in *Lloyd v. Pluese, Becker, & Saltzman, LLC*, No. 18-cv-9420, 2019 WL 6113859 (D.N.J. Nov. 18, 2019). *Id.* On September 14, 2021, Plaintiff

3

filed his first amended complaint. ECF No. 29. Subsequently, Defendant filed the instant motion to dismiss the first amended complaint on September 28, 2021. ECF No. 31. Plaintiff opposed the motion (ECF No. 33), and Defendant replied (ECF No. 34).

### III.   LEGAL STANDARD

####     a.   Federal Rule of Civil Procedure 12(b)(6)

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

### IV.   DISCUSSION

Plaintiff alleges that the disclosures in the Letter do not effectively convey to the debtor the information in the validation notice on the Letter's second page, in violation of section 1692g, and that these disclosures are also "misleading" and "deceptive," in violation of 15 U.S.C. § 1692e. *See generally* ECF No. 29. In opposition, Defendant argues that, at the threshold, it is not a debt collector as defined by 15 U.S.C.§ 1692a(6), and thus is not subject to Plaintiff's pending FDCPA claims. ECF No. 31 at 26–31. Moreover, Defendant asserts that Plaintiff's claims are untimely. *Id.* at 19–22. However, even if Defendant can be subjected to suit under sections 1692g and 1692e and Plaintiff's claims are timely, Defendant contends that Plaintiff has stated no claims because the Letter effectively conveys the information therein and is not misleading. *Id.* at 12–19

To prevail on an FDCPA claim, a plaintiff must prove that "(1) [he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021 (citations omitted). Plaintiff has sufficiently pleaded the first and third elements of his claim: Plaintiff was a consumer as he obtained a loan secured by a mortgage on his New Jersey property (ECF No 1. at ¶¶ 6–7), and he is challenging Defendant's attempt to collect a debt (*id.* at ¶ 34). However, in addition to the issue of timeliness, the parties dispute elements two and four. Specifically, they dispute whether Defendant is a debt collector under section 1692a of the FDCPA and whether the Letter has violated a provision of the FDCPA, namely sections 1692g and 1692e.

    a. **Section 1692a(6)**

Beginning with whether Defendant is a debt collector as defined by the FDCPA, section 1692a(6) provides two definitions for debt collector under the Act. The primary definition states that a debt collector is "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts." § 1692a(6). The secondary definition provides that "[f]or the purpose of section 1692f(6) . . . , [debt collector] also includes any person . . . in any business the principal purpose of which is the enforcement of security interests." *Id*. As the Supreme Court explained in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), debt collectors subjected to section 1692a(6)'s primary definition must generally comply with the extensive requirements the FDCPA imposes. *Id.* at 1036. However, debt collectors that are covered by the Act under the secondary definition are restricted only by the requirements enumerated in section 1692f(6). *Id.* In *Obduskey*, the Supreme Court held that entities enforcing a security interest by initiating a *nonjudicial foreclosure*

5

are debt collectors under 1692a(6)'s secondary definition, and thus are bound by the limitations prescribed by section 1692f(6). *Id.* at 1038.

Relying on *Obduskey*, Defendant argues that it is not a debt collector under the primary definition of section 1692a(6), but instead is covered by the provision's secondary definition. ECF No. 31 at 26–31. Further, because it is covered by the secondary definition, Defendant asserts it cannot be subjected to Plaintiff's sections 1692e and 1692g claims. *Id.* In advancing this argument, Defendant asks the Court to extend *Obduskey* to situations, like here, where an entity in the business of attempting to enforce security interests does so through a *judicial foreclosure*. *Id.* However, courts that have considered this argument, including others within the Third Circuit, have declined to extend *Obduskey* to cases beyond those involving nonjudicial foreclosures. *See Bronstein v. Bayview Loan Servicing*, No. 18-cv-4223, 2020 WL 703652, at \*6 (E.D. Pa. Feb, 11, 2020); *Lloyd*, 2019 WL 6113859, at \*2–\*3; *see also, e.g.*, *Berg v. McCalla Raymer Leibert Pierce, LLC*, No. 19-cv-5113, 2019 WL 5592720, at \*2 n.2 (N.D. Ill. Oct. 30, 2019); *Gold v. Shapiro, Diccaro & Barak, LLC et al.*, No. 18-cv-6787, 2019 WL 4752093, at \*6 (E.D.N.Y. Sept. 30, 2019); *Flowers v. Baltax 2017, LLC et al.*, No. 19-cv-618, 2019 WL 3501584, at \*4) (D. Md. Aug. 1, 2019). In the absence of sufficient authority to extend *Obduskey* to the judicial foreclosure context at issue here, the Court proceeds to analyze whether Plaintiff adequately pleads his section 1692g and 1692e claims. As further discussed in Section IV.c, regardless of which definition of debt collector applies to Defendant, Plaintiff fails to adequately plead his section 1692g and 1692e claims.

### b. Statute of Limitations

Defendant next argues that Plaintiff's claims regarding "type face, bold facing, use of the word 'us' [and] the requirement that disputes be in writing" alleged for the first time in the

amended complaint are time-barred. Specifically, Defendant contends that such allegations were brought outside the FDCPA's one-year statute of limitations period (*see* 15 U.S.C.§ 1692k), and do not "relate back" to the original complaint, as is required for amendment under Fed. R. Civ. P. 15(c). ECF No. 31 at 19–22. Rule 15(c) provides that an "amendment to a pleading relates back to the date of the original pleading where 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Glover v. FDIC et al.*, 698 F.3d 139, 145 (3d Cir. 2012) (quoting Fed. R. Civ. P. 15(c)). Stated otherwise, an amendment relates back if it "restate[s] the original claim with greater particularity or amplif[ies] the factual circumstances surrounding the pertinent conduct." *Id.* (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). Conversely, "amendments 'that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously.'" *Id.* (quoting *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002)).

Here, Plaintiff's original complaint contains allegations that Defendant's collection letter violated sections 1692e and 1692g. *See, e.g.*, ECF No. 1 at ¶¶ 42–43. While the amended complaint includes new facts about "type face, bold facing, use of the word 'us' [and] the requirement that disputes be in writing" (ECF No. 31 at 21), these allegations only specify and bolster Plaintiff's sections 1692e and 1692g claims first asserted in the original complaint. *Schultz v. Midland Credit Mgmt., Inc.* No. 16-cv-4415, 2019 WL 2083302, at *8 (D.N.J. May 13, 2019) (allowing relation back in FDCPA case where the amended complaint merely supplemented the original pleadings with additional facts); *Nepomuceno v. Focus Receivables Mgmt., LLC*, No. 14-cv-7383, 2015 WL 5608130, at *3–*4 (D.N.J. Sept. 23, 2015) (finding that alleging additional information about a

7

collection letter in an amended complaint relates back to original pleading). Accordingly, Plaintiff's new claims relate back to his original pleading and are not time barred.

### c. Violations to FDCPA Provisions

Turning to whether Defendant violated provisions of the FDCPA, Plaintiff alleges that Defendant violated sections 1692g and 1692e. Specifically, Plaintiff claims that the content of the Letter overshadows the validation notice on page two, and as a result, misleads a debtor regarding his rights under the FDCPA, in violation of section 1692g. *See generally* ECF No. 29. Moreover, Plaintiff alleges that the Letter's disclosures are misleading and deceptive, in violation of section 1692e. *Id.*

When evaluating whether a debt-collection activity violates a provision of the FDCPA, like section 1692g or 1692e, the Court employs the "least sophisticated debtor" standard. *Moyer*, 991 F.3d at 470. "The standard is an objective one, meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be." *Id.* (citations omitted). While this standard protects "naive" consumers, it nevertheless prevents liability for "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* (citations omitted). Indeed, even the least sophisticated debtor is "bound to read collection notices in their entirety" such that it "does not go so far as to provide solace to the willfully blind or non-observant." *Morello v. AR Res., Inc.*, No. 17-cv-13706, 2018 WL 3928806, at *5 (D.N.J. Aug. 16, 2018) (citations omitted). The Court will address Plaintiff's claims regarding each contested provision in turn.

### i. Section 1692g

Plaintiff first claims that Defendant violated section 1692g. Under section 1692g(a), a debt collector must provide the debtor with a written notice containing the following: (a)(1) "the amount of the debt"; (a)(2) "the name of the creditor to whom the debt is owed"; (a)(3) "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector"; (a)(4) "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector"; and (a)(5) "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."[2] *Id.*

Further, to abide by section 1692g, a debt collector must not only include a recitation of the statute's language (referenced above) to the debtor in its validation notice, but must also convey such notice "effectively." *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), *as amended* (Sept. 7, 2000). "In essence, this means that the . . . notice 'must not be overshadowed or contradicted by other messages or notices from the debt collector,' such that the debtor could be misled into foregoing a statutory right." *Kassin v. AR Res., Inc.*, No. 16-cv-4171, 2018 WL 6567703, at *4 (D.N.J. Dec. 13, 2018) (quoting *Laniado v. Certified Credit & Collection Bureau*,

---

[2] A debtor may only satisfy Sections 1692g(a)(4)–(5) through a written notice to a debt collector of his intent to dispute the debt, while a debtor may satisfy Section 1692g(a)(3) both orally and through a written notice to a debt collector of his intent to dispute the debt. *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020) (en banc) (settling dispute regarding whether Section 1692(g)(a)(3) may be satisfied via oral notice).

705 F. App'x 87, 88 (3d Cir. 2017)). Here, Plaintiff does not contest whether Defendant's notice makes the proper statutory disclosures. Instead, he alleges that the notice fails to "effectively convey" the required information enumerated in the validation notice as this information is "overshadowed by other content in the Letter." ECF No. 29 at ¶¶ 41–42.

Plaintiff alleges that the "form" of the letter overshadows the validation notice. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 150 (3d Cir. 2013) (assessing whether a validation notice is overshadowed by a collection letter's form). Specifically, Plaintiff alleges that the heading preceding the validation notice is not all capitalized, unlike other titles in the Letter, suggesting to the least sophisticated debtor that the information contained in the notice is of lesser importance than information found in the rest of the Letter. ECF No. 29 at ¶ 45. However, while the notice's header is not capitalized, it is bolded, and printed in similar font and size to the other headers in the Letter. *See Panto v. Pro. Bureau of Collections*, No. 11-cv-4340, 2011 WL 843899, at *4 (D.N.J. Mar. 7, 2011) (finding that similarities in form weigh against overshadowing). And, unlike the Letter's preceding paragraphs, the text of the paragraph containing the notice is completely capitalized, emphasizing, not detracting from, its importance. *See Eddis v. Midland Funding, LLC*, No. 11-cv-3923, 2012 WL 664812, at *5 (D.N.J. Feb. 28, 2018) (finding that printing statements in all-capital letters in a validation notice emphasizes the importance of the notice).

Plaintiff further argues that the Letter's form overshadows the validation notice by asserting that the notice's placement at the very end of the Letter increases the likelihood that the least sophisticated debtor would have overlooked the disclosure or would have been "confused by it in relation to the other information being conveyed." ECF No. 1 at ¶¶ 45–47. However, this argument is also unavailing. The least sophisticated debtor is presumed to read a collection letter

10

in its entirety, *Espinal v. Enhanced Recovery Co., LLC*, No. 17-cv-5641, 2020 WL 4048213, at *5 (D.N.J. July 16, 2020) (quoting *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008)), and to that end, courts have found that the placement of the validation notice, even if it appears towards the end of a collection letter, does not overshadow the notice's disclosures. *See Moyer*, 991 F.3d at 472 ("[T]he order of the paragraphs does not create confusion about what each one conveys.") (citation omitted); *Espinal*, 2020 WL 4048213, at *5 (finding that a validation notice was not overshadowed where the disclosure appeared on the back of a collection letter).

Plaintiff next alleges that the validation notice is overshadowed on the grounds that the substance of the Letter contains conflicting information that would mislead the least sophisticated debtor. *Caprio*, 709 F.3d at 150 (assessing whether a validation notice is overshadowed by a collection letter's substance). Regarding the Letter's purported substance deficiencies, Plaintiff notes that the Letter contains two separate deadlines relevant to the debt collection—one deadline for curing the debt through repayment (thirty days after the letter is mailed), and another deadline for disputing the debt (thirty days after the debtor receives the letter). ECF No. 29 at ¶¶ 52, 57. Plaintiff alleges that these competing deadlines would mislead the least sophisticated debtor, and overshadows Plaintiff's right to dispute the debt. *Id.* However, the Letter plainly advises Plaintiff that foreclosure proceedings may be initiated if the default was not cured by July 7, 2019, and further informed Plaintiff that he had "thirty (30) days after *receipt* of this letter" to dispute the debt. ECF No. 29 Ex. A (emphasis added). These two provisions presented Plaintiff with "two distinct deadlines within which to perform two distinct actions," and given the clarity of the provision, the least sophisticated debtor, presumed to have read them both, "would have comprehended and been able to follow these independent deadlines." *Oppong v. First Union*

11

*Mortg. Corp.*, 566 F. Supp. 2d 396, 403 (E.D. Pa. 2008), *aff'd*, 326 F. App'x 663 (3d Cir. 2009); *see also Riccio v. Credit Collection Servs.*, No. 17-cv-8889, 2019 WL 979159, at *5 (D.N.J. Feb. 28, 2019) (finding the least sophisticated debtor would understand that a validation notice like the one here was not contradicted by other plain language in the Letter).

Further, Plaintiff alleges that the Letter overshadows or contradicts the validation notice because it is not clear, based on other content in the Letter, that a debtor was required to dispute the debt in writing, thereby triggering his rights under section 1692g. ECF No. 29 at ¶¶ 54–55. Specifically, Plaintiff points out that in the paragraph immediately preceding the validation notice, the Letter states that "[i]f you disagree with our assertion that (1) a default has occurred or (2) the correctness of our calculation of the amount required to cure the default, you may contact" Defendant. *Id*. at Ex. A. While Plaintiff claims that this statement would induce the least sophisticated investor to improperly dispute a debt orally over the phone instead of in writing (*id.* at ¶ 54), that argument is without merit. The statement does not advise Plaintiff that calling Defendant is an effective way to dispute or validate his debt, but rather provides Plaintiff with Defendant's contact information, including its physical address. Indeed, the validation notice, which immediately follows, alerts Plaintiff that he must dispute his debt "in writing within thirty (30) days after receipt of this letter." *Nepomuceno*, 2017 WL 2267261, at *7 (considering a collection letter in its entirety in applying the least sophisticated debtor standard). Because the validation notice instructs Plaintiff to dispute his debt in writing, and the statement containing Defendant's contact information does not inform Plaintiff that by calling Defendant he could pause collection efforts pursuant to his section 1692g rights, the validation notice has not been overshadowed. *See Moyer v. Patenaude & Felix, A.P.C.*, 458 F. Supp. 3d 265, 272–73 (E.D. Pa. 2020), *aff'd*, 991 F.3d 466 (3d Cir. 2021) (finding that collection letter language stating that the

debtor could call the debt collector "to eliminate further collection action" did not indicate that such communication would constitute a legally effective dispute of the debt and thus did not violate section 1692g).

Accordingly, the Court finds that Plaintiff has failed to sufficiently plead that the Letter's validation notice was ineffective under section 1692g.

### ii. Section 1692e

Plaintiff's section 1692e claim is premised on the same theories as his section 1692g claim. He argues that the Letter contains misleading information and is deceiving in violation of section 1692e. Specifically, he asserts that: (1) the Letter's headers are misleading as they suggest that the validation notice is not as important as other information in the Letter (ECF No. 29 at ¶ 45); (2) the inclusion of the foreclosure deadline and the validation deadline deceive the least sophisticated debtor into not asserting his validation rights (*id*. at ¶¶ 52, 57); and (3) the Letter contains information that would mislead the Plaintiff into believing he owed Defendant the debt, instead of Reliant (*id.* at ¶ 50).

Under section 1692e, a debt collector may generally "not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. Section 1692e specifies several types of forbidden unlawful communications, including a catch-all provision that forbids "the use of any . . . deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Moyer*, 991 F.3d at 470–71 (quoting Section 1692e(10)). This catch-all provision is meant to be interpreted broadly and "thus encompasses virtually every FDCPA violation, including those not covered by the other subsections." *Borozan v. Fin. Recovery Servs., Inc. et al.*, No. 17-cv-11542, 2018 WL 3085217, at *7 (D.N.J. Jun. 22, 2018) (quoting *Reed v. Pinnacle Credit Servs., LLC*, No. 09-cv-544, 2009 WL

13

2461852, at *4 (E.D. Pa. Aug. 11, 2009)). By contrast, section 1692g is a more specific provision. *Hernandez v. Mercantile Adjustment Bureau, LLC*, No. 13-cv-843, 2013 WL 6178594, at *3 (D.N.J. Nov. 22, 2013). As a result, "[w]hen allegations under [§ 1692e] are based on the same language or theories as allegations under [§ 1692g], the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155.

Thus, for the reasons why Plaintiff fails to state a claim under section 1692g, his claims under section 1692e also fail.[3] *See Borozan*, 2018 WL 3085217, at *7.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 31) is granted and Plaintiff's first amended complaint is dismissed without prejudice. An appropriate Order accompanies this Opinion.

**DATED**:  April 27th, 2022



s/ Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**

---

[3] Plaintiff asserts that the Letter would induce the least sophisticated debtor into paying Defendant, the debt collector, as opposed to Reliant, the debt holder. To the extent Plaintiff's allegation that a debtor would pay the wrong entity is not based on his section 1692g claim, the Court still finds dismissal warranted. The Letter informs Plaintiff that he can cure his default by paying "us," and that payment "must be mailed to Reliant Loan Servicing LLC . . . *made payable* to 'Reliant Loan Servicing LLC.'" ECF No. 29 at ¶ 49 (emphasis in original). Plaintiff alleges that "paying . . . us" is misleading as it could lead a debtor to believe payment is owed to Defendant. *Id.* at ¶ 50. However, the Letter plainly states that payment must be sent and be made payable to Reliant. Thus, by reading all of the information on how to cure the default, the least sophisticated debtor would understand to whom payment was due. *See Crenshaw v. Computex Info. Servs., Inc*, No. 10-cv-1493, 2011 WL 1640175, at *7 (D.N.J. Apr. 30, 2011).

14